UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON KIRSCHENBAUM, DANIELLE :
LYNN TEITLEBAUM, JOSHUA J. :
KIRSCHENBAUM, DAVID KIRSCHENBAUM, :
MARTIN KIRSCHENBAUM and ISABELLE :
KIRSCHENBAUM :

    Plaintiffs,

        v.

THE ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs:
Khomeini Avenue
United Nations Street
Tehran, Iran,

    and

THE IRANIAN MINISTRY OF
INFORMATION AND SECURITY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran

    Defendants.

CASE NUMBER  1:03CV01708

JUDGE: Royce C. Lamberth

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 08/11/2003

FILED
AUG 1 1 2003
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## COMPLAINT

Plaintiffs, Jason Kirschenbaum, Martin Kirschenbaum and Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum, by counsel, respectfully bring this action against Defendants The Islamic Republic of Iran and The Iranian Ministry of Information and Security jointly and severally, on grounds and in the amount set forth below:

## PARTIES

1. Plaintiff, Jason Kirschenbaum ("Jason Kirschenbaum"), is a domiciliary of the State of New York and a United States citizen.

2. Plaintiffs Martin Kirschenbaum and Isabelle Kirschenbaum are respectively the father and mother of Jason Kirschenbaum. Plaintiff's Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum and David Kirschenbaum are the sister and brothers of the Plaintiff. All are citizens of the United States and are domiciliaries of the State of New York.

3. Defendant The Islamic Republic of Iran ("Iran") is a foreign state that has been designated a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)).

4. Defendant The Iranian Ministry of Information and Security ("MOIS") is the Iranian intelligence service through which Iran sponsored the terrorist group which caused the act of extrajudicial killing described below.

## JURISDICTION, VENUE AND CHOICE OF LAW

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330(a), 1331, and 1332(a)(2).

6. Defendants Iran and MOIS are subject to suit in the courts of the United States pursuant to 28 U.S.C. § 1605(a)(7).

7. Venue lies in this Court pursuant to 28 U.S.C. § 1391(f)(4).

8. Actions for personal injury and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees and agents within the meaning of 28 U.S.C. § 1605(a)(7) are unique causes

of actions arising out of newly enacted federal counterterrorism statute(s) and are controlled by federal law. To the extent federal law does not control, the laws of the State of New York, the last residence of the decedent, control because New York is the forum with the strongest interest in the resolution of this case.

### STATEMENT OF FACTS

9. Plaintiff, Jason Kirschenbaum, a United States citizen and national, is an 18 year old student in Israel for a year studying in Jerusalem.

10. On Saturday, December 1, 2001, Jason Kirschenbaum was on his way to meet a friend for dinner at the pedestrian mall of Ben Yehuda Street in Jerusalem.

11. Around early evening, two suicide bombers walked into the mall square and detonated two explosive devices "loaded" with shrapnel and nails. The second suicide bomber was just 20 feet away from where Jason stood.

12. As a result of the explosion, Jason Kirschenbaum was seriously injured with a broken left arm and 10 pieces of shrapnel imbedded in his leg. Jason was taken to Shaare Tzedek Hospital in Jerusalem. He immediately underwent surgery and had 8 half inch nuts removed from his leg.

13. Subsequent to his initial surgery Jason underwent several other surgeries to repair the damage to his leg. On Sunday, December 8, 2001 Jason's leg became infected and he was operated on again to remove

two additional half inch nuts from his leg. He remained in Jerusalem for 6 weeks to recover.

14.   While in the hospital Jason was interviewed by CNN and visited by the mayor of Jerusalem, several members of Israeli Parliament and Israeli President Ariel Sharon.

15.   Once he was stable, Jason returned to the United States to undergo physical therapy. He began to have horrible nightmare about the things he saw at the scene of the bombing and has sought and continues to receive psychological care and treatment.

16.   Plaintiffs Martin Kirschenbaum and Isabelle Kirschenbaum first learned there had been a suicide bombing in Israel when they returned home from Sabbath. Plaintiff Isabelle Kirschenbaum was watching CNN and saw a story about a suicide bombing in Jerusalem. She immediately began to try to locate Jason on his cell phone, but could not reach him. The Plaintiffs then called their other son, Joshua, who was in Tel Aviv. Joshua had also tried to reach Jason via cell phone, but got no response. The Plaintiffs then called Jason's rabbi, Rabbi Huna Friedland, in Or Sameach. He had not gotten news of the bombing. Rabbi Huna Friedland returned the call fifteen minutes later and advised Plaintiffs that their son had been wounded and was on his way to the hospital. Several of Jason's friends also called the Plaintiffs to say that they had seen Jason and he was being taken to the hospital.

17.   Plaintiff Martin Kirschenbaum left for Israel that night and arrived in Jerusalem on Sunday afternoon. While awaiting his flight Martin Kirschenbaum received a call from Isabelle advising him that she

4

saw a picture of Jason on CNN's website. Plaintiff Martin Kirschenbaum eventually was able to speak to Jason from his flight. Upon arrival Martin Kirschenbaum went directly to the hospital. He stayed with Jason in Israel the entire 6 weeks of Jason's hospitalization and recovery.

18. Plaintiff Isabelle Kirschenbaum arrived in Israel on Friday, December 6, 2001, just a few short days after the bombing. Upon arrival she and her husband took Jason to Tel Aviv where his brother, Joshua, had been staying.

19. Various Palestinian organizations including Hamas and Islamic Jihad took responsibility for the bombing.

20. This suicide bombing took the lives of 10 people with about 150 injured.

21. Defendants Iran and MOIS routinely provided material support and resources to the Islamic Jihad and to Hamas prior to the suicide bombing which injured Jason Kirschenbaum, sponsoring the Islamic Jihad's and Hamas's terrorists activities and attempted killing of Jason Kirschenbaum within the meaning of 28 U.S.C. 1605(a)(7).

22. Plaintiff Jason Kirschenbaum's injuries were caused by a willful and deliberate act of Hamas, acting under the sponsorship and/or direction, and with the material support and resources of the Defendants Iran and MOIS.

23. Defendants Iran and MOIS agents, officials, and employees routinely provided material support and resources to both the Islamic Jihad and to Hamas while acting within the scope of their employment.

Similar conduct by United States agents, officials, or employees within the United States would be actionable.

24. Under the theory of respondeat superior, Defendants Iran and MOIS are vicariously responsible for the actions of Islamic Jihad and Hamas. Defendant Iran is further responsible, under the theory of respondeat superior, for the actions of its agent, Defendant MOIS.

25. Accordingly, Defendants are jointly and severally liable to the Plaintiff for the injuries they have suffered.

## COUNT I

### ACTION FOR PERSONAL INJURY TO PLAINTIFF JASON KIRSCHENBAUM AND RESULTING FROM THE EXTRAJUDICIAL KILLING OF INNOCENT CIVILIANS, PURSUANT TO 28 U.S.C. §§ 1605 NOTE & 1606

26. Paragraphs 1 through 28 of the Complaint are incorporated by reference as if set forth fully herein.

27. 28 U.S.C. §§ 1605 note and 1606 create a cause of action against Defendants for their participation in and support of the extrajudicial killing of innocent civilians, which directly and proximately caused personal injury to Plaintiff Jason Kirschenbaum.

28. As a direct and proximate consequence of Defendants' actions, Plaintiff Jason Kirschenbaum has suffered economic damages, including, inter alia, loss of wages, medical expenses, and severe pain and suffering, for which Plaintiff Jason Kirschenbaum is entitled to compensation pursuant to 28 U.S.C. §§ 1605 note & 1606.

29. Further, as a direct and proximate consequence of Defendants' actions, Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum, suffered extreme

loss of solatium, entitling them to compensatory damages pursuant to 28 U.S.C. §§ 1605 note and 1606.

30. The conduct of Defendants, acting in concert to carry out their unlawful objectives, was outrageous, malicious, in willful, wanton and reckless disregard of the rights of Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum, and in gross violation of international human rights. As such, Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum, are entitled to punitive damages against Defendant MOIS, as an agent and instrument of Defendant Iran, pursuant to 28 U.S.C. § 1605 note, and against Defendant Iran, under the under the principles of vicarious liability and respondeat superior.

31. WHEREFORE, Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum,, demands that judgment be entered, jointly and severally, against Defendants Iran and MOIS, as follows: (a) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for economic and compensatory damages; (b) TEN MILLION DOLLARS ($10,000,000), not including costs, for loss of solatium; and (c) THREE HUNDRED MILLION DOLLARS ($300,000,000.00), in punitive damages.

## COUNT II

### ACTION FOR THE BATTERY OF PLAINTIFF JASON KIRSCHENBAUM

32.  Paragraphs 1 through 34 of the Complaint are incorporated by reference as if set forth fully herein.

33.  28 U.S.C. §§ 1605 note and 1606 create a cause of action against Defendants for their participation in and support of the extrajudicial killing of innocent civilians, which directly and proximately caused personal injury to Plaintiff Jason Kirschenbaum.

34.  As a result of the extrajudicial killing of innocent civilians, attributable to all Defendants, Plaintiff Jason Kirschenbaum suffered harmful and offensive contact.

35.  As a direct and proximate consequence of Defendants' actions, Plaintiff Jason Kirschenbaum has suffered economic damages, including, inter alia, loss of wages and medical expenses, and severe pain and suffering, for which he is entitled to compensation pursuant to 28 U.S.C. §§ 1605 note & 1606.

36.  Further, as a direct and proximate consequence of Defendants' actions, Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum, suffered extreme loss of solatium, entitling them to compensatory damages pursuant to 28 U.S.C. §§ 1605 note and 1606.

37.  The conduct of Defendants, acting in concert to carry out their unlawful objectives, was outrageous, malicious, in willful, wanton and reckless disregard of the rights of Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum,

Joshua J. Kirschenbaum, David Kirschenbaum, and in gross violation of international human rights. As such, Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum are entitled to punitive damages against Defendant MOIS, as an agent and instrument of Defendant Iran, pursuant to 28 U.S.C. § 1605 note, and against Defendant Iran, under the under the principles of vicarious liability and respondeat superior.

38. WHEREFORE, Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum, demands that judgment be entered, jointly and severally, against Defendants Iran and MOIS, as follows: (a) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for economic and compensatory damages; (b) TEN MILLION DOLLARS ($10,000,000), not including costs, for loss of solatium; and (c) THREE HUNDRED MILLION DOLLARS ($300,000,000.00), in punitive damages.

## COUNT III

### ACTION FOR THE ASSAULT ON PLAINTIFF JASON KIRSCHENBAUM

39. Paragraphs 1 through 41 of the Complaint are incorporated as if set forth fully herein. This action is brought by Plaintiff Jason Kirschenbaum.

40. 28 U.S.C. §§ 1605 note and 1606 create a cause of action against Defendants for their participation in and support of the extrajudicial killing of innocent civilians, which directly and proximately caused personal injury to Plaintiff Jason Kirschenbaum.

41. At the time of the extrajudicial killing of innocent civilians, Plaintiff Jason Kirschenbaum was put in an imminent apprehension of harmful and offensive conduct as a result of the intentional actions attributable to all Defendants.

42. As a direct and proximate consequence of Defendants' actions, Plaintiff Jason Kirschenbaum has suffered economic damages, including, inter alia, loss of wages and medical expenses, and severe pain and suffering, for which Plaintiff Jason Kirschenbaum is entitled to compensation pursuant to 28 U.S.C. §§ 1605 note & 1606.

43. Further, as a direct and proximate consequence of Defendants' actions, Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum suffered extreme loss of solatium, entitling them to compensatory damages pursuant to 28 U.S.C. §§ 1605 note and 1606.

44. The conduct of Defendants, acting in concert to carry out their unlawful objectives, was outrageous, malicious, in willful, wanton and reckless disregard of the rights of Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum, and in gross violation of international human rights. As such, Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum are entitled to punitive damages against Defendant MOIS, as an agent and instrument of Defendant Iran, pursuant to 28 U.S.C. § 1605 note, and against Defendant Iran,

under the under the principles of vicarious liability and respondeat superior.

45. WHEREFORE, Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum, demands that judgment be entered, jointly and severally, against Defendants Iran and MOIS, as follows: (a) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for economic and compensatory damages; (b) TEN MILLION DOLLARS ($10,000,000), not including costs, for loss of solatium; and (c) THREE HUNDRED MILLION DOLLARS ($300,000,000.00), in punitive damages.

## COUNT IV

### ACTION FOR THE INFLICTION OF EMOTIONAL DISTRESS WITH RESPECT TO PLAINTIFF JASON KIRSCHENBAUM

46. Paragraphs 1 through 48 of the Complaint are incorporated as if set forth fully herein.

47. 28 U.S.C. §§ 1605 note and 1606 create a cause of action against Defendants for their participation in and support of the extrajudicial killing of innocent civilians, which directly and proximately caused personal injury to Plaintiff Jason Kirschenbaum.

48. As a result of the extrajudicial killing of innocent civilians and the wounding of Plaintiff Jason Kirschenbaum, attributable to the Defendants, Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum suffered severe emotional distress as a result of the intentional and/or reckless actions.

49. As a direct and proximate consequence of Defendants' actions, Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum have suffered economic damages, including, <u>inter alia</u>, loss of wages and medical expenses, and severe pain and suffering, for which Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum are entitled to compensation pursuant to 28 U.S.C. §§ 1605 note & 1606.

50. Further, as a direct and proximate consequence of Defendants' actions, Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum suffered extreme loss of solatium, entitling them to compensatory damages pursuant to 28 U.S.C. §§ 1605 note and 1606.

51. The conduct of Defendants, acting in concert to carry out their unlawful objectives, was outrageous, malicious, in willful, wanton and reckless disregard of the rights of Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum, and in gross violation of international human rights. As such, Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum are entitled to punitive damages against Defendant MOIS, as an agent and instrument of Defendant Iran, pursuant to 28 U.S.C. § 1605 note, and against Defendant Iran,

under the under the principles of vicarious liability and <u>respondeat superior</u>.

52. WHEREFORE, Plaintiff Jason Kirschenbaum and Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua J. Kirschenbaum, David Kirschenbaum, demands that judgment be entered, jointly and severally, against Defendants Iran and MOIS, as follows: (a) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for economic and compensatory damages; (b) TEN MILLION DOLLARS ($10,000,000), not including costs, for loss of solatium; and (c) THREE HUNDRED MILLION DOLLARS ($300,000,000.00), in punitive damages.

Respectfully submitted,

Barry L. Leibowitz, Esquire
Bar No. 158949
LEIBOWITZ & BAND
2730 University Boulevard West
Suite 910
Wheaton, MD 20902
(301) 942-8378

Attorney for Plaintiffs